DAVID RISLEY, Respondent, *v.* THE PHŒNIX BANK OF THE CITY OF NEW YORK, Appellant.

*Complaint — amendments to — Statute of limitations.*

Where a proposed amendment to a complaint, consists in the addition of new matter, relating to the subject-matter of the action already set out in the complaint, and is not a separate and independent cause of action, new and distinct in its nature and particulars, the fact that the statute of limitations may have run, pending the suit, and that defendant will not be at liberty to plead that statute in bar, is not sufficient to prevent the court from allowing the amendment.

Appeal from an order of the Special Term, allowing an amendment to the complaint.

This action was brought on a check or draft, drawn in May, 1861, by the Bank of Georgetown, South Carolina, in favor of the plaintiff upon the defendant, with which the said Bank of Georgetown then had more than the amount of the check on deposit, on the ground that, by custom and agreement, the defendant undertook to pay the checks of the Bank of Georgetown, to the extent of the funds which it had on deposit for that bank, and upon the further ground, that the Bank of Georgetown had assigned to the plaintiff the funds in the defendant's hands, to an amount equal to the sum mentioned in the check. The proposed amended complaint set up as new matter, a promise on the part of the defendant, on the presentation of the check, to pay the amount thereof.

*Edgar S. Van Winkle* and *Flamen B. Candler*, for the appellant. The amendment should not be allowed, as it will cut off the defendant from the defense of the statute of limitations. (*Sheldon* v. *Adams*, 18 Abb. P. R., 405.)

*Beebe, Wilcox & Hobbs*, for the respondent.

DAVIS, P. J.:

The amendment proposed, consisted of allegations to be inserted in the complaint, to the effect that when the check which was the subject of the action, was presented to the bank, the defendant, by its cashier, admitted the possession of funds to meet the same, and promised to pay the check. It appears that evidence tending to prove the truth of these allegations, had already been put in before the referee without objection, but on application to the referee to amend the pleadings by conforming them to the proofs (as claimed by plaintiff), he held that he had no power to allow the amendment, on the ground that it would be substantially adding a new cause of action, and suggested that the application should be made to the court. There seems to us to be no doubt of the power of the court to allow the amendment, and we are of the opinion that the power was not in this case improvidently exercised. Proper terms were imposed; and the condition of the order that the witness, who had already testified to the alleged facts, should be produced for cross-examination, will operate to prevent any unjust effect that might

otherwise arise from the application of the testimony already in, to the new phase of the case. Where a proposed amendment is the addition of new matter relating to the subject-matter of the action already set out in the complaint, and is not a separate and independent cause of action new and distinct in its nature and particulars, the fact that the statute of limitations may have run pending the suit, and that defendant will not be at liberty to plead that statute in bar, is not sufficient to prevent the court from allowing the amendment in the exercise of its sound discretion.

We think the order should be affirmed, with ten dollars costs of this appeal, besides disbursements.

Daniels and Lawrence, JJ., concurred.

Ordered accordingly.